UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SMOKY MOUNTAIN KNIFE WORKS, INC.,    )
                                      )
                Plaintiff,            )
                                      )
v.                                    )        No.: 3:13-CV-448-TAV-CCS
                                      )
FORWARD MOTION MEDIA, LLC, and        )
ANDREW T. PARROTT,                    )
                                      )
                Defendants.           )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Motion for Sanctions [Doc. 12] filed by

defendant Forward Motion Media ("FMM").   Defendant FMM moves the Court to

sanction plaintiff, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for

allegedly filing a fraudulent version of the written agreement at issue in this case.

Specifically, defendant asks the Court to dismiss plaintiff's complaint and award

defendant FMM costs and attorneys' fees.   Plaintiff has responded in opposition to

defendant FMM's motion [Doc. 15], stating that the version of the signed agreement it

filed is not fraudulent, but rather, truthfully represents the relevant agreement between the

parties.   For the reasons that follow, the Court will deny defendant FMM's motion

without prejudice.

According to plaintiff's original complaint, plaintiff entered into an "Internet

Marketing Agreement" with defendant FMM on or about September 14, 2011, in which

defendant FMM agreed to provide Internet marketing services to plaintiff from

September 2011 through September 2012 in exchange for a total of $830,000 [Doc. 1-1 p. 4–5]. Plaintiff claimed that defendant FMM breached the agreement by failing to apply all of the money it received from plaintiff toward internet marketing services, and by failing to provide an accounting of the funds it spent [*Id.* at p. 6]. In support of its pleading, plaintiff attached a copy of the written agreement and incorporated it by reference [*Id.* at p. 4, 10–19]. Plaintiff has since filed an amended complaint [Doc. 30], which inadvertently omitted a copy of the agreement [Doc. 35].

Defendant FMM answered the original complaint and amended complaint, denying liability to plaintiff [Doc. 2; Doc. 31]. Although defendant FMM admitted that it entered into an agreement with plaintiff, it denied that plaintiff filed a correct version of the agreement with the original complaint [Doc. 2 p. 2; Doc. 31 p. 1–2]. In support of its answers, defendant FMM attached the version of the agreement that it submitted was the correct one [Doc. 2-1; Doc. 31-1]. Plaintiff has since moved the Court for leave to replace the version of the agreement that it originally attached to its complaint with defendant FMM's preferred version, because it submits that the disputed language does not affect its claims [Doc. 43].

There is one substantive difference between the two versions of the agreement. In the version that plaintiff originally filed, the section regarding "Payment Schedule" reads:

> The following is the agreed upon payment schedule to meet all of the above goals, while adjusting for seasonality. Any change to the following budget constitutes a change to the services provided above. Please note any changes in the associated fields. *The Sep '11 payment of $40,000 may be used as a retainer, for future work, rather than an upfront*

2

> payment to cover search engine marketing deposits. *If, at the end of the contract period or end of the relationship, the retainer has not been used, the client may request a refund of the unused balance.*

[Doc. 1-1 p. 18 (emphasis added)]. The agreement appears to be signed on behalf of plaintiff by "Travis Ferguson" as the "C.O.O." on September 14, 2011 [Doc. 1-1 p. 19]. There are two lines for a signature to be entered on behalf of defendant FMM: a "Rep Signature" line and an "Approved by" line [*Id.*]. The "Rep Signature" line has been signed but not dated. The "Approved by" line has not been signed or dated [*Id.*].

In contrast, the "Payment Schedule" provision in the version that defendant FMM filed omits the last two sentences from plaintiff's version:

> The following is the agreed upon payment schedule to meet all of the above goals, while adjusting for seasonality. Any change to the following budget constitutes a change to the services provided above. Please note any changes in the associated fields.

[Doc. 2-1 p. 10; Doc. 31-1 p. 10]. Like plaintiff's version, the agreement appears to be signed on behalf of plaintiff by "Travis Ferguson" as "C.O.O." on September 14, 2011 [Doc. 2-1 p. 11; Doc. 31-1 p. 11]. Also like plaintiff's version, there are two lines for a signature to be entered on behalf of defendant FMM: a "Rep Signature" line and an "Approved by" line [*Id.*]. Unlike plaintiff's version, the "Rep Signature" line has not been signed or dated, but the "Approved by" line contains a signature that has been dated September 16, 2011 [*Id.*].

Defendant FMM argues that plaintiff fraudulently added the last two sentences of the "Payment Schedule" provision after it was signed by the parties on or about

September 16, 2011 [Doc. 12]. Defendant FMM submits that plaintiff made this change in order to support its current claim for an accounting under the agreement [*Id.*].

Plaintiff responds that its claim for an accounting is not contingent on the allegedly altered language of the agreement [Doc. 15 p. 1–3]. Therefore, plaintiff submits that it would have no reason to alter the agreement in the manner that defendant FMM alleges [*Id.* p. 3]. Plaintiff states that Travis Ferguson executed the agreement on behalf of plaintiff, but that he is no longer employed by plaintiff [*Id.* at 4]. Plaintiff further states that it found the version of the agreement that it filed with the Court in Mr. Ferguson's files. Plaintiff submits that its officers are unaware of any other version [*Id.*].

Defendant FMM has attached three affidavits in support of its Motion for Sanctions [Doc. 13-3; Doc. 13-4; Doc. 13-5].

The first affidavit comes from Paul Pedersen, who is the sole owner and managing member of defendant FMM [Doc. 13-3 p. 1]. Mr. Pedersen states that he was the only person authorized in September 2011 to execute documents on behalf of defendant FMM, and that his signature does not appear on the "Rep Signature" line of the version filed by plaintiff [*Id.*]. He further states that the version filed by plaintiff is not the version that defendant FMM executed with plaintiff in September 2011 [*Id.* at p. 1–2]. He avers that at no time did defendant FMM make an agreement with plaintiff that is similar to the extra language in plaintiff's version of the agreement [*Id.* at p. 2].

The second affidavit is from defendant Andrew Parrott, an independent Internet marketing specialist who assisted Mr. Pedersen in performing work for defendant FMM

4

[Doc. 13-4 p. 1]. Mr. Parrott states that his signature does not appear on the "Rep Signature" line of the version of the agreement filed by plaintiff [*Id.*]. He further states that the only other person working on behalf of defendant FMM with respect to plaintiff's account in September 2011 was Mr. Pedersen [*Id.* at p. 1–2]. He avers that at no time did he make an agreement with plaintiff that is similar to the extra language in plaintiff's version [*Id.* at p. 2].

The third affidavit is from James MacDonald, counsel of record for defendant FMM [Doc. 13-5 p. 1]. Mr. MacDonald states that he brought the alleged forgery to the attention of plaintiff's counsel via a letter on November 27, 2013 [*Id.*]. Mr. MacDonald further states, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that more than twenty-one days have elapsed without plaintiff withdrawing its version of the agreement [*Id.* at p. 2].

After filing its motion for sanctions, defendant FMM filed an affidavit of Travis Ferguson in connection with its first motion for summary judgment [Doc. 19-2]. In the affidavit, Mr. Ferguson states that he was plaintiff's Chief Operating Officer in September 2011, and that he had the authority to execute the agreement at issue on behalf of plaintiff [*Id.* at p. 1]. Mr. Ferguson further states that the signature purporting to be his signature on plaintiff's version of the agreement is not, in fact, his signature [*Id.* at 4]. Mr. Ferguson avers that the extra language in plaintiff's version was not present in the agreement signed by the parties in September 2011 [*Id.*]. He also avers that he did not

act on behalf of plaintiff to make an agreement with defendant FMM on September 14, 2011, that is similar to the extra language in plaintiff's version [*Id.* at 5].

Plaintiff has attached three affidavits in support of its response to plaintiff's Motion for Sanctions [Doc. 15-1; Doc. 15-2; Doc. 15-3].

The first affidavit is from R. Alexander Johnson, counsel of record for plaintiff [Doc. 15-1 p. 1]. Mr. Johnson recounts the procedural timeline of this case and describes conversations he had with counsel of record for defendant FMM regarding the correct version of the agreement, from plaintiff's filing of the complaint in July 2013 to defendant FMM's filing of the Motion for Sanctions on June 18, 2014 [*Id.* at 1–3].

The second affidavit is from John Parker, the current Chief Financial Officer for plaintiff [Doc. 15-2 p. 1]. Mr. Parker states that his predecessor was Travis Ferguson, and that the version of the agreement that plaintiff filed with the Court was obtained from Mr. Ferguson's files [*Id.*]. Mr. Parker further states that he has conducted a careful search of Mr. Ferguson's files, and that plaintiff's version of the agreement is the only version he has been able to locate [*Id.*]. Mr. Parker avers that he did not amend, alter, forge, or change the copy of the agreement that plaintiff filed with the Court [*Id.* at 2].

The third affidavit comes from Kevin Pipes, who is the owner of plaintiff [Doc. 15-3 p. 1]. Mr. Pipes states that the version of the agreement that plaintiff filed with the Court is the only version that was in plaintiff's possession at the time plaintiff filed its lawsuit [*Id.*]. Mr. Pipes avers that he did not amend, alter, forge, or change the copy of the agreement that plaintiff filed with the Court [*Id.*].

6

Viewing the evidence in the light most favorable to plaintiff, the Court finds that a genuine issue of material fact exists as to whether plaintiff knowingly filed an incorrect document with the Court.  A resolution of this case on its merits may affect the facts underlying defendant FMM's Motion for Sanctions.  Therefore, the Court concludes that defendant FMM's Motion for Sanctions is premature, and the motion [Doc. 12] is **DENIED without prejudice.**

IT IS SO ORDERED.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE