UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SMOKY MOUNTAIN KNIFE WORKS, INC., )
)
      Plaintiff, )
)
v. ) No.: 3:13-CV-448-TAV-CCS
)
FORWARD MOTION MEDIA, LLC, and )
ANDREW T. PARROTT, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Renewed Motion for Summary Judgment [Doc. 32] filed by defendant Forward Motion Media, LLC ("FMM"). Plaintiff has responded in opposition [Doc. 36], and defendant FMM has replied [Doc. 41]. Defendant Andrew Parrott recently filed an answer in this case [Doc. 51], but he has not responded to the motion for summary judgment. Upon review of the record, the Court concludes that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see* Fed. R. Civ. P. 12(h)(3). Therefore, the Court will remand this case to the Circuit Court for Sevier County, Tennessee. 28 U.S.C. § 1447(e).

### I.    Background

This case involves an "Internet Marketing Agreement" that plaintiff and defendant FMM entered into in September 2011 [Doc. 30 p. 2; Doc. 31 p. 1–2; Doc. 43]. Plaintiff brings claims against defendants under Tennessee law, alleging that defendant FMM is liable for misrepresenting the services that it would provide under the agreement and for

breaching it, and that defendant FMM and defendant Parrott are liable for unjust enrichment [Doc. 30 p. 5].

Plaintiff initiated its lawsuit on June 27, 2013, in the Circuit Court for Sevier County, Tennessee [Doc. 1-1]. The original complaint named only defendant FMM as a defendant [Doc. 1-1 p. 4]. Defendant FMM was served with process on or about July 10, 2013 [Doc. 1 p. 1]. According to the allegations in the original complaint, plaintiff is a Tennessee corporation with its principal address in Sevierville, Tennessee, and defendant FMM is a Florida limited liability company whose registered agent, Paul Pederson, resides in Indian Rocks Beach, Florida [Doc. 1-1 p. 4]. On July 31, 2013, defendant FMM removed the case to federal court, invoking the Court's diversity jurisdiction [Doc. 1 p. 1].

On November 21, 2014, plaintiff moved to amend its complaint in order to join Andrew Parrott as a defendant [Doc. 23]. In accordance with the Court's local rules, plaintiff attached a proposed amended complaint to its motion [Doc. 23-1]. E.D. Tenn. R. 15.1. In the proposed amended complaint, plaintiff alleged that Mr. Parrott is a citizen of Tennessee and a resident of Knox County, Tennessee [*Id.* at p. 1]. In support of its motion, plaintiff stated that it sought to join Mr. Parrott as a defendant after identifying causes of action against him through the discovery process [Doc. 23 p. 1–2]. Plaintiff further stated that Mr. Parrott is "a necessary party and his joinder will not deprive this Court of subject-matter jurisdiction" [*Id.* at p. 2].

2

Defendant FMM did not object to the proposed joinder.  After the time for filing a response had passed, Magistrate Judge Shirley granted plaintiff's motion [Doc. 27]. Plaintiff filed its previously proposed amended complaint as its first amended complaint on December 29, 2014 [Doc. 30].  Defendant FMM timely answered the amended complaint, admitting that plaintiff is a Tennessee corporation and that defendant FMM is a Florida limited liability company, and stating that plaintiff's allegation that defendant Parrott is a citizen and resident of Tennessee "require[s] no response" [Doc. 31 p. 1].  In connection with its Renewed Motion for Summary Judgment [Doc. 32], defendant FMM filed an affidavit of defendant Parrott in which Mr. Parrott avers that he is a citizen of the State of Tennessee residing in Knox County, Tennessee [Doc. 32-2 p. 1].  Defendant Parrott, for his part, admits each of the citizenship allegations in plaintiff's amended complaint [Doc. 51 p. 1].  None of the parties have raised jurisdiction as an issue.

## II.     Standard of Review

Federal courts are courts of limited jurisdiction, and therefore, may only hear cases over which they have subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) (citing Fed. R. Civ. P. 12(h)(3)).  In cases that have been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

3

### III. Analysis

"Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)) (internal quotation marks omitted). In general, diversity of citizenship is determined at the time that a lawsuit is filed in federal court. *Id.* (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). Thus, once diversity has been established, subsequent joinder of a dispensable non-diverse party ordinarily will not divest a federal court of subject matter jurisdiction. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam) (noting the "well-established rule that diversity of citizenship is assessed at the time the action is filed").

But Congress has placed additional limits on its grant of diversity jurisdiction in cases that have been removed from state court. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Accordingly, a federal court loses diversity jurisdiction over a case that has been removed when the court permits the addition of a non-diverse party. *Curry*, 462 F.3d at 541; *Casas Office Machines, Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 673–75 (1st Cir. 1994); *see also Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 635 (6th Cir. 2008) ("The district court's order granting plaintiff's motion to amend allowed plaintiffs to join non-diverse defendants, thereby destroying diversity

4

jurisdiction."). It does not matter under § 1447(e) whether the added party is dispensable or indispensable. *Curry*, 462 F.3d at 542 n.4; *Casas*, 42 F.3d at 674.

Here, the parties agree on the pleadings that plaintiff is a Tennessee corporation. Therefore, plaintiff is a citizen of Tennessee for the purpose of establishing diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Additionally, plaintiff has pleaded, while defendant FMM has submitted in fact and defendant Parrott has admitted, that defendant Parrott is a citizen of Tennessee. The magistrate judge had the authority to review and grant plaintiff's motion to join Mr. Parrott as a defendant, which the magistrate judge exercised. 28 U.S.C. § 636(b)(1)(A); E.D. Tenn. Standing Order 13-02 (August 16, 2013). Consequently, the Court's diversity jurisdiction was destroyed when plaintiff joined defendant Parrott with permission. *See Curry*, 462 F.3d at 541 ("The district court's failure to remand and instead its decision to maintain Priddy and Susman as nondiverse defendants deprived the district court of subject-matter jurisdiction to enter its judgment below.").

In deciding whether to permit joinder that would destroy diversity,[1] district courts in this circuit generally consider: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking

---

[1] A district judge is not precluded from reviewing a magistrate judge's order granting permission for joinder. *See, e.g.*, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–62 (7th Cir. 2009). Additionally, the Supreme Court has suggested as a general proposition that district courts may dismiss a diversity spoiler pursuant to Rule 21 of the Federal Rules of Civil Procedure in order to retain subject matter jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832 (1989). Assuming without deciding that the Court has the authority to reverse the magistrate judge's order in this case, or to otherwise dismiss defendant Parrott, the Court declines to do so.

5

amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors." *Davis v. Owners Ins. Co.*, 29 F. Supp. 3d 938, 943 (E.D. Ky. 2014) (quoting *Cooper v. Thames Healthcare Grp., LLC*, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014)) (internal quotation marks omitted). District courts also "take into account the original defendant's interest in its choice of forum." *Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997) (citations omitted). Ultimately, a district court must "use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (citations omitted) (internal quotation marks omitted).

"Of the relevant factors, the first appears to be of paramount importance." *City of Cleveland*, 571 F. Supp. 2d at 824 (citations omitted). In this case, plaintiff's purpose in amending its complaint does not appear to be the defeat of federal jurisdiction. Quite to the contrary, the record suggests that plaintiff did not even contemplate federal jurisdiction when moving to join defendant Parrott.

Second, plaintiff has not been dilatory in seeking to join defendant Parrott. Plaintiff stated in its unopposed motion to amend its complaint that it was moving to join Mr. Parrott as a defendant after identifying claims against him through the discovery process.

Third, plaintiff will suffer prejudice if it is not permitted to proceed against defendant FMM and defendant Parrott in the same case, but the prejudice may not be "significant." Plaintiff's claims against defendant Parrott sound in civil conspiracy [Doc.

6

23 p. 2; Doc. 30 p. 2–4; Doc. 36 p. 9]. In Tennessee, civil conspiracy does not provide a separate cause of action, but rather, makes each civil conspirator vicariously liable for an underlying predicate tort committed pursuant to the conspiracy. *Watson's Carpet & Floor Coverings, Inc. v. McCormick*, 247 S.W.3d 169, 179–80 (Tenn. Ct. App. 2007). If this case were to proceed without defendant Parrott, plaintiff still would be able to seek a judgment against defendant FMM for the unlawful acts of which it complains. Nevertheless, plaintiff would be forced bring a separate state action against defendant Parrott in the event that it could not efficiently or fully recover against defendant FMM.

Fourth, it would not be inequitable to remand this case to the state forum in which it originated. Plaintiff and defendant FMM may suffer some prejudice if they are forced to duplicate discovery in state court. Nevertheless, any such prejudice would be mitigated by the fact that this case is not complex. Additionally, defendant Parrott has not yet been afforded discovery, meaning that there would be no duplication of discovery as to him.

Upon review of the record and consideration of the equities, the Court concludes that plaintiff should be permitted proceed against defendant FMM and defendant Parrott in the same case. The attendant consequence of proceeding in such a manner is remand to state court. 28 U.S.C. § 1447(e).

## IV. Conclusion

For these reasons, the Court finds that it lacks subject matter jurisdiction over this case and that remand is appropriate. Accordingly, this case is hereby **REMANDED** to

7

the Circuit Court for Sevier County, Tennessee.  All outstanding motions are **DENIED as moot**.  The Clerk of Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE